SCHOTT, Chief Judge.
This is a suit by the owner and subrogat-ed insurer of an automobile for damage done to the automobile by a runaway race horse at the New Orleans Fairgrounds Racetrack. Defendants are the owner and trainer of the horse. The trial court granted plaintiffs’ motion for summary judgment and defendants have appealed. The question on appeal is whether these are genuine issues of material fact which preclude summary judgment as a matter of law.
On November 9, 1985, Dr. Thompson, a veterinarian employed by Equine Medicine & Surgery, was at the Fairgrounds treating sick and injured horses. She had parked her car, owned by Equine, near Barn 32. In the meantime defendant, George Arceneaux, a licensed horse trainer, was exercising Dixie Moccasin, a thoroughbred racehorse owned by defendant, J. Minos Simon. The horse became “spooked”, threw its rider, and ran toward the barn where it was housed. In doing so it ran over Dr. Thompson’s car.
A person is strictly liable for damage caused by a thing in his custody, LSA-C.C. art. 2317; and the owner of an animal is strictly liable for the damage caused by the animal, art. 2322. Such liability of the owner or guardian arises from his legal relationship to the thing or animal whose conduct or defect creates an unreasonable risk of injury to others. Boyer v. Seal, 553 So.2d 827 (La.1989). The court explained that the process involved in deciding whether a thing under garde posed an unreasonable risk of harm is similar to that of taking into account all of the social, moral, economic and other considerations as would a legislator regulating the matter.
It cannot be gainsaid that the risk of a large race horse running wild is an unreasonable risk of harm to persons and things in his path. Defendants do not seem to question this, but they contend that there are material facts in dispute which raise the issue of fault on the part of Dr. Thompson and imputable to State Farm, the sub-rogated insurer.
One of the defenses to a claim of strict liability under art. 2317 is victim fault. *1256 Loescher v. Parr, 324 So.2d 441 (La.1976). A party is entitled to a summary judgment only if the pleading, affidavits, and discovery documents show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.
Defendants filed affidavits stating that Dr. Thompson’s car was parked in a Fire Zone and in a place regularly traversed by horses returning to the barn. The affidavits also recited that it was common knowledge among persons handling horses that a horse, when spooked or otherwise out of control, will invariably return to its barn. Consequently, say defendants, the location of the car coupled with defendant’s knowledge of the habits of runaway horses might preclude recovery by plaintiffs and this issue of fact precludes summary judgment.
The flaw in defendant’s position is that the cause of the damage was the runaway horse. This was an unreasonable risk of harm to anyone whose automobile was in his path no matter where it was parked. Any breach of duty on the part of Thompson for parking in a fire zone or in a place where normal horses, attended by someone, might pass, has no ease of association with the risk encountered in this case, to wit, the car being trampled upon by a wild, unattended racehorse. Thus, defendant’s issues are immaterial and inconsequential as a matter of law.
Accordingly, the judgment is affirmed.
AFFIRMED.